FILED
COURT OF APPEALS
DIVISION II

2013 APR -9 AM 9: 01

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42341-3-II |
| Respondent, | |
| v. | |
| DUSTIN JAMES DRANSFIELD, | UNPUBLISHED OPINION |
| Appellant. | |

QUINN-BRINTNALL, J. — Dustin J. Dransfield appeals the trial court's revocation of his special sex offender sentencing alternative (SSOSA) sentence, RCW 9.94A.670. Finding no abuse of discretion, we affirm.

### FACTS

When Dransfield was 17 years old, he pleaded guilty to one count of first degree rape of a child. Dransfield was 16 years old at the time of the offense; the victim was 11 years old. On March 6, 2009, the trial court imposed a SSOSA sentence of 123 months, with 111 months suspended. During the sentencing hearing, the trial court warned Dransfield that it did not believe in giving second chances on SSOSA sentences and that he needed to stick to the SSOSA conditions "one hundred percent." Report of Proceedings (RP) (March 6, 2009) at 16.

As part of his SSOSA sentence, Dransfield was required to successfully complete three years of outpatient sex offender treatment. He was prohibited from any contact with minors without prior written authorization from his treatment provider and his community corrections officer (CCO). He was not to consume alcohol or controlled substances, except by prescription. He was required to report to his CCO as directed, receive prior approval of living arrangements, notify his CCO of changes in his address as well as any romantic relationships, and register as a sex offender.

On April 2, 2010, the trial court held a SSOSA review hearing. The court found Dransfield in compliance with his SSOSA sentence and set the next review hearing for March 18, 2011.

On May 27, 2010, Dransfield signed a stipulated agreement admitting to two violations of his sentence for consuming alcohol and failing to report incidental contact with a minor. He waived his right to a hearing and, as a sanction, agreed to write an essay on alcohol consumption. Dransfield never completed the essay.

On June 15, 2010, a bench warrant was issued for Dransfield's arrest because he had absconded from supervision. Dransfield's treatment provider, Daniel DeWaelsche, notified the CCO that Dransfield had been terminated from treatment because of his failure to attend a scheduled therapy session and to reside at the address listed on his sex offender registration.

Dransfield was arrested on the bench warrant on August 14, 2010. On August 27, the State filed a petition for hearing to determine noncompliance with the conditions of sentence. The State alleged that Dransfield had violated the conditions of his sentence by failing to report to his CCO since May 27, failing to register as a sex offender on June 11, and failing to successfully complete a sexual deviancy treatment program.

On September 17, the trial court held a SSOSA revocation hearing. Dransfield and his CCO sought a sanction of 240 days incarceration; the State sought revocation of the SSOSA sentence. Dransfield stipulated to the three violations and asked the court for another chance. The trial court gave him one and declined to revoke his SSOSA sentence. After imposing a sanction of 270 days in custody, the court warned Dransfield that "I will be completely unforgiving of any other violations." RP (Sept. 17, 2010) at 12.

On February 4, 2011, the trial court held a SSOSA review hearing while Dransfield remained in custody. Dransfield did not yet have a treatment plan or residency plan in place, so the court set the matter over while warning him again that it would revoke the SSOSA if he had another violation. At the March 18 hearing, Dransfield still did not have a treatment plan in place, so the court set another hearing for April 15.

At the April 15 hearing, the parties notified the court that Dransfield had passed a polygraph on April 13 in which he admitted having sexual contact with his 16-year-old girlfriend and consuming alcohol and illegal drugs during the time he had absconded from supervision.[1] After Dransfield provided the court with his intended residential plan and treatment plan, the court ordered him released on April 18. The court warned Dransfield not to have further contact with his girlfriend until she was 18 years old and to obey his treatment provider's restrictions: "[T]he next time you land back in this courtroom for a violation, I am inclined to revoke your SSOSA sentencing." RP (Apr. 15, 2011) at 8.

---

[1] DeWaelsche had agreed to resume treatment if Dransfield passed a polygraph. The sexual contact Dransfield revealed resulted in the birth of a daughter.

3

On May 26, 2011, the State again petitioned the court for a hearing to determine noncompliance with the conditions of sentence. The State alleged that Dransfield had consumed alcohol on or about May 14 in violation of his SSOSA conditions. At the June 3 revocation hearing, the State submitted a letter from DeWaelsche stating that Dransfield was in noncompliance with his treatment. Even though Dransfield had assured DeWaelsche that he would make better choices, he had subsequently admitted consuming alcohol over the weekend. DeWaelsche believed that Dransfield continued to pose a risk to the community. The court set the matter over until June 22 so that the defense could adequately prepare for the revocation hearing.

On June 21, the State filed a supplemental petition alleging five additional violations. Four violations concerned unauthorized contact with minors, and one was for failing to make satisfactory progress in treatment. The unauthorized contact concerned visits from Dransfield's minor girlfriend and their infant daughter while he was in jail, as well as phone calls between Dransfield and his girlfriend. Dransfield stipulated to the violations concerning the alcohol and the unauthorized contact, but he disputed the allegation concerning his progress in treatment.

DeWaelsche then testified that Dransfield had made no real progress in treatment and that he had concerns about Dransfield's risk of reoffending because of his "total disregard for rules." RP (June 22, 2011) at 20. After speaking of his infant daughter and his desire to get back with her mother, Dransfield had told DeWaelsche about meeting another girl and going drinking with her. DeWaelsche acknowledged that Dransfield had the maturity level of a 12 or 13 year old, but he added that Dransfield had the capacity to understand consequences and expectations. He concluded that Dransfield's characteristics made him a safety risk and that he was not a good candidate for a SSOSA sentence.

Dransfield asked the court to reserve its ruling until it heard from an alternative therapist, but the court declined to do so, reasoning that such testimony was unlikely to affect its decision. The court rejected Dransfield's request for an additional chance and revoked his SSOSA sentence based on the six violations. "You have shown me time and time again through multiple violations that you're not willing to do what you need to do to deserve a SSOSA sentence." RP (June 22, 2011) at 63. The court added that it would have made the same decision based on any one of the violations.

The single issue on appeal is whether the trial court abused its discretion in revoking the SSOSA sentence.

## DISCUSSION

We review a trial court's decision to revoke a SSOSA suspended sentence for abuse of discretion. *State v. Miller*, 159 Wn. App. 911, 918, 247 P.3d 457, *review denied*, 172 Wn.2d 1010 (2011). A trial court abuses its discretion when its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971); *see also State v. Demery*, 144 Wn.2d 753, 758, 30 P.3d 1278 (2001) (trial court abuses its discretion only if no reasonable person would adopt the view espoused by the trial court).

A SSOSA is a special procedure authorized by statute that allows a trial court to suspend a sex offender's felony sentence if the offender meets the eligibility criteria as defined by statute. *See State v. Canfield*, 154 Wn.2d 698, 701 n.1, 116 P.3d 391 (2005); RCW 9.94A.670. The legislature developed the special sex offender sentencing provision for first-time sex offenders in

an attempt to prevent future crimes and protect society. *State v. Young*, 125 Wn.2d 688, 693, 888 P.2d 142 (1995).

A SSOSA sentence may be revoked at any time where there is sufficient proof to reasonably satisfy the trial court that the defendant has violated a condition of the suspended sentence or has failed to make satisfactory progress in treatment. *State v. Dahl*, 139 Wn.2d 678, 683, 990 P.2d 396 (1999); *Miller*, 159 Wn. App. at 917-18. Where a defendant stipulates to violating conditions of his suspended sentence, a trial court does not abuse its discretion by basing its revocation on those violations. *State v. Partee*, 141 Wn. App. 355, 361, 170 P.3d 60 (2007). Once a SSOSA is revoked, the original sentence is reinstated. *Dahl*, 139 Wn.2d at 683; *Miller*, 159 Wn. App. at 918.

On appeal, Dransfield argues that the trial court should have given him one more chance because he made significant efforts to comply with the court's requirements. He adds that he is extremely immature and that revocation was not necessary to prevent future crimes and to protect society.

The trial court had already given Dransfield another chance and had warned him repeatedly that further violations would result in revocation. At the final revocation hearing, the trial court concluded that Dransfield's promises to do better echoed statements he had made earlier and lacked credibility. The court based its revocation on Dransfield's stipulations to the violations and his treatment provider's testimony that Dransfield was a safety risk as well as a poor candidate for a SSOSA sentence. The record does not support Dransfield's contention that the trial court abused its decision in revoking his SSOSA sentence.

No. 42341-3-II

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL, J.

We concur:

HUNT, J.

JOHANSON, A.C.J.

7